Shannon L. Gustafson (SBN 228856)
sgustafson@lynberg.com
Edward J. Southcott (SBN 305701)
esouthcott@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant, COUNTY OF SAN BERNARDINO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| NADA OSAMA NAFAA, individually and as Successor-in-Interest to MOHD F. HIJAZ, Deceased; FATHIEH JAWDAT NAJI, an individual; and J.H., a minor child of NADA OSAMA NAFAA and MOHD F. HIJAZ, <br><br> Plaintiffs, <br><br> CITY OF RANCHO CUCAMONGA, a municipal corporation; COUNTY OF SAN BERNARDINO, a California county; and DOES 1-50, Inclusive, <br><br> Defendants. | CASE NO.  5:25-cv-0889-KKK-DTB <br><br> *Assigned for All Purposes to:* <br> *Hon. Kenly Kiya Kato* <br><br> **DEFENDANT COUNTY OF SAN BERNARDINO's MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> *[Proposed] Order Concurrently Lodged* <br><br> Date:          October 16, 2025 <br> Time:          9:30 a.m. <br> Crtrm.:        3 <br><br> *Complaint filed: 4/10/25* <br> *FAC filed:       8/28/25* |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OFR RECORD:**

**PLEASE TAKE NOTICE** that on October 16, 2025 at 9:30 a.m. or as soon thereafter as the matter may be heard in courtroom 3 of the above-entitled Court, located at 3470 Twelfth Street, Riverside, California 92501, Defendant COUNTY OF SAN BERNARDINO ("Defendant") will, and hereby does, move this Court for an order dismissing Plaintiffs NADA OSAMA NAFAA, individually and as Successor-in-Interest to MOHD F. HIJAZ, Deceased; FATHIEH JAWDAT NAJI, an individual; and J.H., a minor child of NADA OSAMA NAFAA and MOHD F. HIJAZ ("Plaintiffs") First Amended Complaint ("FAC") (Dkt. 26) against them pursuant to Fed. R. Civ. P. Rules 12(b)(6) as follows:

1.    Plaintiffs' Fourth Claim for Relief for *Monell* – Ratification (42 U.S.C. § 1983) against the County of San Bernardino fails to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).

Defendants' Motion is based on this Notice, the Memorandum of Points and Authorities, Plaintiffs' First Amended Complaint, and upon such other and further matters as may properly come before the Court.

Pursuant to Local Rule 7-3, Defendants served a meet and confer letter on July 31, 2025, that contained Defendants' grounds for filing this Motion and other issues. On August 4, 2025, a meet and confer teleconference was held, and Plaintiffs and Defendants stipulated the filing of the First Amended Complaint which addresses the majority of the issues Defendants raised as to the original Complaint. (Dkt. 26). However, despite the parties' effort, the parties still dispute the sufficiency of the pleading as to Plaintiff's Fourth Claim for Relief for *Monell* – Ratification 42 U.S.C. § 1983 in the First Amended Complaint thereby necessitating this Motion.

1  DATED:  September 18, 2025          **LYNBERG & WATKINS**
                                        A Professional Corporation

2

3

4

5

6                                  By:  */s/Shannon L. Gustafson*
                                        **SHANNON L. GUSTAFSON**
7                                       **EDWARD J. SOUTHCOTT**
                                        Attorneys for Defendants,
8                                       COUNTY OF SAN BERNARDINO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT COUNTY OF SAN BERNARDINO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    PRELIMINARY STATEMENT

3    Per Plaintiffs' First Amended Complaint, Plaintiff alleges that Defendant

4    County's final policymakers have "historically" ratified unreasonable uses of force,

5    including deadly force. (FAC ¶62) Plaintiff further alleges that Defendants County's

6    final policymakers have ratified by approving the acts and omissions of individual

7    deputies, including "the unjustified and excessive use of deadly force against

8    Decedent" and by deeming the actions of deputies to be "within policy". (FAC ¶¶63-

9    64). Finally, Plaintiffs contend that deputies' conduct was contrary to the San

10    Bernardino Sheriff's Department official policy, as that Decedent showed no threat at

11    that time he was tased and beaten. (FAC ¶65).

12    This is the sum and substance of Plaintiffs' ratification claim against the County

13    which as detailed below is not sufficient to state a claim and therefore Plaintiffs'

14    ratification theory of liability should be dismissed without leave to amend. *See*, Fed.

15    R. Civ. P. 12(b)(6).

16    ## II.    PLAINTIFFS' MONELL RATIFICATION CLAIM IS

17    ## INSUFFICIENTLY PLED AND SHOULD BE DISMISSED

18    The allegations in Plaintiffs' Fourth Claim consist merely of vague and

19    conclusory allegations, a far cry from that which is required. It is axiomatic that the

20    allegations of a complaint must set forth *facts* from which the Court (and Defendants)

21    might plausibly infer that ratification occurred. *See* Fed. R. Civ. P. 8, 12(b)(6). That

22    is to say, facts must be alleged about what official policymaker(s) involved adopted

23    or otherwise approved of the acts that caused Plaintiffs' constitutional rights to be

24    impaired. As such, Plaintiffs' mere assertion that the County's final policymakers

25    have "a history of ratifying" unreasonable use of force amounts to nothing more than

26    a conclusory allegation.

27    A plaintiff cannot "plead facts that are merely consistent with a defendant's

28

**4**

**DEFENDANT COUNTY OF SAN BERNARDINO'S MOTION TO DISMISS**
**PLAINTIFFS' FIRST AMENDED COMPLAINT**

liability," as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Twombly*, 550 U.S. at 545; *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (when evaluating the merit of a Rule 12(b)(6) Motion to Dismiss, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").  These settled pleading rules apply to "Municipal Liability" claims like Plaintiffs' Fourth Claim for Ratification here. *See A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (noting that pleading standards announced in *Iqbal* and *Twombly* "appl[y] to *Monell* claims and should govern future pleadings in this case"); *see also Moore v. County of Orange*, 2017 WL 10518114, at *3 (C.D. Cal. 2017) (citing rule).

The Ninth Circuit has firmly held that ratification liability may attach only where a final policymaker ratifies a subordinate's unconstitutional action and the basis for it.  *Christie v. Lopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)).  This occurs when the official policymaker involved has adopted and expressly approved of the acts of others who caused the constitutional violation.  *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996).  There must be facts alleged that the policymaker "made a deliberate choice to endorse" the subordinate employee's actions at issue.  *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992); *Lytle v. Carl*, 382 F.3d 978, 987-988 (9th Cir. 2004) ("[R]atification requires both knowledge of the alleged constitutional violation, and proof that the policymaker specifically approved of the subordinate's act."); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) ("municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."); "A mere failure to overrule a subordinate's actions, without more, is insufficient to support a §

**DEFENDANT COUNTY OF SAN BERNARDINO'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

1983 claim." *Dasovich v. Contra Costa Cty. Sheriff Dep't.*, 2014 WL 4652118, at *6 (N.D. Cal. 2014).

Here, Plaintiffs fail to sufficiently identify who the policymaker at issue by merely referring to "one or more final policymakers within the San Bernardino Sheriff's Department". (FAC ¶¶62-64). Even if this Court were to ignore Plaintiffs' conclusory allegations failing to identify any policy maker or facts to establish that that person is indeed a policy maker, Plaintiffs' ratification allegations remain insufficient. Plaintiffs contend that expressed ratification was granted by the County's policymaker based on their determination that the deputies' actions were "within policy." (FAC ¶¶63-64). In other words, Plaintiffs supported their Ratification claim based solely on the assertion that some of the allegations were deemed unfounded and/or that no disciplinary action was taken. *Rabinovitz v. City of Los Angeles* 287 F. Supp. 3d 933, 967 ("neither a policymaker's mere knowledge of nor the policymaker's mere refusal to overrule or discipline a subordinate unconstitutional act suffices to show ratification."); *Wolniak v. Cnty. of Sacramento*, 2017 WL 6558095 at * 4 (E.D. Cal. 2013) citing *Canas v. City of Sunnyvale,* No. C 08–5771 JF (PSG), 2011 WL 1743910, at *7 (N.D. Cal. Jan. 19, 2011) ("A plaintiff's ratification claim is insufficient where the "claim appears to be based solely on the fact that the City's investigation did not result in disciplinary action against the officers."); *see also Orellana v. Cnty. of Los Angeles*, 2013 WL 12122692 at * 24 (C.D. Cal. 2013) citing *Kanae v. Hodson*, 294 F.Supp.2d 1179, 1191 (D. Haw. 2003) ("The law does not say that every failure to discipline an officer [accused of wrongdoing] is evidence of a 'whitewash' policy or some other policy of 'sham' investigations. The law does not say that, whenever an investigative group accepts an officer's version over a victim's differing version, this acceptance establishes a policy for which a municipality may be held liable under § 1983. If that were the law, counties might as well never conduct internal investigations and might as well always

admit liability. But that is not the law."); *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1253-54 (9th Cir. 2010) (holding that failure to discipline employees, without more, was insufficient to establish ratification) (overruled on other grounds); *Peterson v. City of Fort Worth*, 588 F.3d 838, 848 (5th Cir. 2009) ("[O]ur precedent has limited the theory of ratification to '***extreme*** factual situations.'")(emphasis added); *Hill v. Fairfield Police Dep't.*, 2016 WL 2602411, at *3 (E.D. Cal. May 5, 2016) ("[T]he Ninth Circuit 'appears to require something more than a failure to reprimand to establish a municipal policy or ratification.'") (citations omitted).

Simply put, Plaintiffs' conclusory allegations that the County's **final** policymaker "ratified" the deputies' actions merely because some unidentified person allegedly determined the deputies' conducts was "within policy" is not enough under case law for a Ratification theory.

Thus, as currently pled, this Court should dismiss Plaintiffs' Fourth Claim for Monell-Ratification. *See* Fed. R. Civ. P. 12(b)(6).

## III.  <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion as prayed and dismiss Plaintiffs' Fourth Claim against the County as asserted in their First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

DATED:  September 18, 2025         **LYNBERG & WATKINS**
                                   A Professional Corporation


                                   By: */s/Shannon L. Gustafson*
                                       **SHANNON L. GUSTAFSON**
                                       **EDWARD J. SOUTHCOTT**
                                       Attorneys for Defendants,
                                       COUNTY OF SAN BERNARDINO

**DEFENDANT COUNTY OF SAN BERNARDINO'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

1

## <u>CERTIFICATE OF COMPLIANCE</u>

2    The undersigned, counsel of record for the County of San Bernardino and

3  City of Rancho Cucamonga certifies that this brief contains 1,175 words, which:

4    √ complies with the word limit of L.R. 11-6.1.

5    ☐ complies with the word limit set by court order dated _____.

6

7

8  DATED:  September 18, 2025         **LYNBERG & WATKINS**
                                      A Professional Corporation

9

10

11                           By:  */s/Shannon L. Gustafson*
                                  **SHANNON L. GUSTAFSON**
12                                **EDWARD J. SOUTHCOTT**
                                  Attorneys for Defendants,
13                                COUNTY OF SAN BERNARDINO

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT COUNTY OF SAN BERNARDINO'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**