Shannon L. Gustafson (SBN 228856)
sgustafson@lynberg.com
Edward J. Southcott, Jr. (SBN 305701)
esouthcott@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant, COUNTY OF SAN BERNARDINO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| NADA OSAMA NAFAA, individually and as Successor-in-Interest to MOHD F. HIJAZ, Deceased; FATHIEH JAWDAT NAJI, an individual; and J.H., a minor child of NADA OSAMA NAFAA and MOHD F. HIJAZ,<br><br>Plaintiffs,<br><br>CITY OF RANCHO CUCAMONGA, a municipal corporation; COUNTY OF SAN BERNARDINO, a California county; and DOES 1-50, Inclusive,<br><br>Defendants. | CASE NO. 5:25-cv-0889-KKK-DTB<br><br>*Assigned for All Purposes to:*<br>*Hon. Kenly Kiya Kato*<br><br>**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:      October 16, 2025<br>Time:     9:30 a.m.<br>Crtrm.:    3<br><br>*Complaint filed: 4/10/25* |

1

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDE COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PLAINTIFFS USE THEIR OPPOSITION TO MAKE SIGNIFICANT AMENDMENTS TO THE FIRST AMENDED COMPLAINT

Plaintiff's opposing papers essentially concede Defendant's point- Plaintiffs' Fourth Claim for Ratification consists of nothing more than vague and conclusory allegations of the elements of a ratification claim without any facts to support those conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545(2008); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (when evaluating the merit of a Rule 12(b)(6) Motion to Dismiss, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); *see also A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (noting that pleading standards announced in *Iqbal* and *Twombly* "appl[y] to *Monell* claims and should govern future pleadings in this case"); *see also Moore v. County of Orange*, 2017 WL 10518114, at *3 (C.D. Cal. 2017) (citing rule).

Rather than set forth any specific citations to the contents of the First Amended Complaint that confirm the allegations contained therein are sufficient, Plaintiffs' opposition essentially seeks to rewrite the First Amended Complaint with page after page of references to various Sheriff's Department Manuals and other procedures—allegations that do not appear anywhere in the First Amended Complaint. (Opposition- pgs 5-9).

However, to analyze the sufficiency of the complaint, the Court must first look at the requirements of the causes of action alleged. *Charles v. City of Los Angeles*, 757 F. Supp. 2d 989, 997 (C.D. Cal. 2010), aff'd but criticized, 697 F.3d 1146 (9th Cir. 2012) When the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), "[r]eview is **limited** to the complaint" itself. *Lee v. City*

*of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)(quoting *Cervantes v. City of San Diego,* 5 F.3d 1273, 1274 (9th Cir.1993))(emphasis added). Case law is clear that the Court evaluates the sufficiency of Plaintiffs' First Amended Complaint ("FAC") by considering the allegations **within the complaint itself** not with the rewrite of the Complaint set forth in Plaintiff's Opposition.

It is well-settled Plaintiffs may not use their Opposition as a "procedural second chance to flesh out inadequate pleadings," or to add allegations they had ample time to allege. *Newton v. American Debt Services, Inc.*, 75 F.Supp.3d 1048, 1063 quoting *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006).

As such, Plaintiffs' additional allegations set forth for the first time in the Opposition should be disregarded, and the Fourth claim for *Monell* ratification should be dismissed for failure to state a claim. *See, Fed. R. Civ. Proc*. 12(b)(6).

## II. PLAINTIFFS' FOURTH CLAIM- MONELL RATIFICATION IS INSUFFICIENTLY PLED

As already set forth in Defendants moving papers, when the allegations of the current complaint are considered it is plain that Plaintiffs have not set forth sufficient factual allegations to support a ratification theory of liability against Defendant County.

Ratification requires more than acquiescence. *Sheehan v. City & County of San Francisco*, 741 F.3d 1211, 1231 (9th Cir. 2014), *rev'd on other grounds*, 135 S.Ct. 1765 (2015). A municipality may be liable under § 1983 when "an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992). "To show ratification, a plaintiff must prove that the 'authorized policymakers approved a subordinate's decision and the basis for it,'" which accordingly requires, "among other things, knowledge of the alleged constitutional violation." *Mitchell v. Cnty. of Contra Costa*, 600 F. Supp. 3d 1018, 1032 (N.D. Cal. 2022); *Christie v. Iopa*, 176

F.3d 1231, 1239 (9th Cir. 1999) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988)).

Plaintiffs have not pled any facts to support that any final policy maker at the County had actual knowledge of the alleged constitutional violations here, let alone sufficient facts to confirm that there was an approval of the deputies' decisions and the basis for it. Instead, Plaintiff's facts are limited to a vague claim that there was "express approval of the unjustified and excessive use of deadly force against Decedent" because "the final policymaker(s) knew and specifically approved of individual defendants' acts and omissions of DOES 1-8". (FAC, ¶63). These are conclusory allegations of some of the elements of a ratification claim devoid of any facts to support the conclusory statements which is expressly prohibited under *Iqbal* and *Twombly* as set forth above. In particular, the FAC contains "no allegations about any actions that policymakers ***took in connection with their "approval" of the misconduct that would support an inference that they actually ratified***" defendants' conducts. *Mitchell v. Cnty. of Contra Costa*, 600 F. Supp. 3d at 1033 (emphasis added).

Furthermore, § 1983 ratification claim requires that the municipality's deliberate conduct be the "moving force" behind the constitutional violation. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997)("As our § 1983 municipal liability jurisprudence illustrates, however, it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged.")(emphasis original); *Puana v. Kealoha*, 587 F. Supp. 3d 1035, 1061 (D. Haw. 2022). This means that Plaintiff must establish a direct causal link between the policymaker's approval and the deprivation of federal rights. *Id*. The municipality's action must be taken with the requisite degree of culpability, and

Plaintiff must show that "the policymaker's decision was the product of a conscious, affirmative choice to ratify the conduct in question." *Peschel v. City of Missoula*, 686 F. Supp. 2d 1107, 1125 (D. Mont. 2009). However, Plaintiffs' assertion that the policymakers' determination that officers' actions were within policy alone is insufficient to support any plausible inference that the policymakers were the "moving force" behind the injury Plaintiffs allege. *See e.g., Rabinovitz v. City of Los Angeles* 287 F. Supp. 3d 933, 967 ("neither a policymaker's mere knowledge of nor the policymaker's mere refusal to overrule or discipline a subordinate unconstitutional act suffices to show ratification.")

### III. PLAINTIFFS MUST HAVE A VIABLE CLAIM TO PROCEED TO DISCOVERY

Plaintiffs allege that the FAC "pleads surrounding, concrete facts that make ratification plausible" (Plaintiffs' Opposition, pg. 9), but there are no such facts only conclusory statements of the elements of the claim. Plaintiffs merely plead in the FAC that the final policymakers have "a history of ratifying unreasonable use of force" (FAC ¶62), the final policymakers "knew and specifically approved individual defendants' acts and omission" (FAC ¶63), and the final policymakers did not discipline and thereby "ratifying those actions (FAC ¶64).

Despite clear authority, that facts not conclusions are required, Plaintiff claims their claim is plausible enough at the pleading stage such that this case should proceed to discovery. This is not what the law requires. Rather Plaintiffs must come to court with their allegations in hand because the Complaint is not the avenue to unlock the doors to expensive time-consuming discovery on baseless claims. *See, Davis v. City of San Jose*, 2014 WL 2859189, *10 (N.D. Cal 2014)("Rule 8 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.' Plaintiff's conclusory allegations here do not suggest an entitlement to relief 'such that it is not unfair to require the opposing party to be subjected to the expense of

1 discovery and continued litigation.'")(citing *Iqbal*, 556 U.S. at 678-679 and *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)); *see also*, *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021)("[T]he Supreme Court has been clear that discovery cannot cure a facially insufficient pleading . . . "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions . . . '[I]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management . . .' [Citation]. Case law does not permit Plaintiff to rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); pleadings must assert well-pleaded factual allegations to advance to discovery. [Citation]").

## IV.   CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendant's moving papers, Plaintiffs' Fourth Claim should be dismissed.

DATED: October 1, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT, JR.**
Attorneys for Defendants,
COUNTY OF SAN BERNARDINO,

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant County of San Bernardino certifies that this brief contains 1,423 words, which:

X  complies with the word limit of L.R. 11-6.1.

☐  complies with the word limit set by court order dated _____.

DATED: October 1, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT, JR.**
**MARK MENESES**
Attorneys for Defendants,
COUNTY OF SAN BERNARDINO,