UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-889-KK-DTBx** | Date: | October 17, 2025 |
| Title: | *Nada Osama Nafaa et al. v. County of San Bernardino et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Twyla Freeman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order GRANTING Defendant County of San Bernardino's Motion to Dismiss [Dkt. 27]

## I.
## INTRODUCTION

On August 28, 2025, plaintiffs Nada Osama Nafaa, Fathieh Jawdat Naji, and J.H. (collectively, "Plaintiffs"),[1] filed the operative First Amended Complaint ("FAC") against defendants County of San Bernardino ("San Bernardino") and Does 1 through 10 (collectively, "Defendants"). ECF Docket No. ("Dkt.") 26, FAC. Plaintiffs allege Defendants committed battery, negligence, and related constitutional violations that resulted in the death of family member Mohd F. Hijaz ("Decedent"). Id. On September 18, 2025, defendant San Bernardino filed the instant Motion to Dismiss ("Motion") under Federal Rule of Civil Procedure 12(b)(6). Dkt. 27, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Motion is **GRANTED with leave to amend**.

///

///

## II.

---

[1] Plaintiffs Nafaa and Naji filed individually and as successors-in-interest to decedent Mohd F. Hijaz. FAC ¶¶ 4-5. Plaintiff Nafaa also filed as guardian ad litem for plaintiff J.H. Id. ¶ 5.

## BACKGROUND

A.   PROCEDURAL HISTORY

On August 28, 2025, Plaintiffs filed the operative Complaint against Defendants.  FAC.  The Complaint sets forth the following claims:

(1) **First Cause of Action:** Excessive Force, pursuant to 42 U.S.C. § 1983 ("Section 1983") and in violation of the Fourth Amendment, against defendant Does 1 through 8;
(2) **Second Cause of Action:** Substantive Due Process, pursuant to Section 1983 and in violation of the Fourteenth Amendment, against defendants Does 1 through 8;
(3) **Third Cause of Action:** Unconstitutional Custom or Policy, pursuant to Section 1983 and in violation of the Fourth and Fourteenth Amendments, against defendants San Bernardino and Doe 9 through 10;
(4) **Fourth Cause of Action:** Ratification, pursuant to Section 1983 and in violation of the Fourth and Fourteenth Amendments, against defendants San Bernardino and Does 9 through 10;
(5) **Fifth Cause of Action:** Failure to Train, pursuant to Section 1983 and in violation of the Fourth and Fourteenth Amendments, against defendant Bernardino and Does 9 through 10;
(6) **Sixth Cause of Action:**  Violation of section 52.1 of the California Civil Code, against defendants San Bernardino and Does 1 through 8;
(7) **Seventh Cause of Action:** Negligence, in violation of sections 377.60 and 377.61 of the California Code of Civil Procedure, against Defendants; and
(8) **Eighth Cause of Action:** Battery, in violation of sections 377.60 and 377.61 in violation of the California Code of Civil Procedure, against Defendants.

Id. at 5-28.

On September 18, 2025, defendant San Bernardino filed the instant motion to dismiss Plaintiff's Fourth Cause of Action, arguing Plaintiff fails to state a claim under Monell for ratification.  Mot.  On September 25, 2025, Plaintiffs filed an Opposition to the Motion.  Dkt. 28, Opposition ("Opp.").  On October 1, 2025, defendant San Bernardino filed a Reply.  Dkt. 29, Reply.

This matter, thus, stands submitted.

B.   RELEVANT FACTS

As alleged in the Complaint, Decedent was a resident of Rancho Cucamonga, California, prior to his death.  FAC ¶ 3.  Plaintiffs Naji, Nada, and J.H. are Decedent's mother, widow, and daughter, respectively.  Id. ¶¶ 4-6.  Defendant San Bernardino is a county in California that provides local governmental services, including a sheriff's department.  Id. ¶ 8.

On March 19, 2024, Decedent sat "outside in [a] parking lot" "near a bush or curb" in the 10100 block of Foothill Boulevard in Rancho Cucamonga.  Id. ¶¶ 17-18.  Decedent was noticeably "in distress" and "could barely verbalize that he needed water."  Id. ¶ 18.  An unidentified person eventually called 911 to report Decedent for being "in distress and behaving erratically," upon which the San Bernardino Sheriff Department responded and arrived on the scene "within minutes."  Id.

Two San Bernardino officers "parked" and "approached" Decedent, who responded by "[standing] up and [] walking toward them." Id. ¶ 20. Decedent was "likely seeking water or assistance." Id. However, the officers "deployed their tasers on [Decedent] multiple times." Id. ¶ 21. "[A]nother patrol car" from San Bernardino Sheriff's Department also arrived, and Decedent was ultimately "tased," "violently hit with a barrage of baton strikes," and "slammed into the pavement." Id. ¶ 22. Decedent suffered "severe injuries" and "cardiopulmonary arrest" and was "held" until paramedics arrived "to transport him to San Antonio Regional Hospital in Upland, California." Id. ¶ 23. Decedent was pronounced dead shortly after being transported to the hospital. Id. ¶ 24.

## III.
## LEGAL STANDARD

A complaint may be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). In considering whether a complaint states a claim, a court must "construe the pleadings in the light most favorable to the nonmoving party," Capp v. Cnty. of San Diego, 940 F.3d 1046, 1052 (9th Cir. 2019) (citation modified) (quoting Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005)), accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the nonmoving party's favor, Moreno v. UtiliQuest, LLC, 29 F.4th 567, 573 (9th Cir. 2022). The court, however, need not accept as true "a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV.
## DISCUSSION

### A.   PLAINTIFFS' FOURTH CAUSE OF ACTION FAILS TO STATE A MONELL CLAIM FOR RATIFICATION

#### 1.   Applicable Law

Section 1983 prohibits "the deprivation of any rights, privileges, or immunities" under color of state law. 42 U.S.C. § 1983. A government entity may be liable under Section 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." Connick v. Thompson, 563 U.S. 51, 60 (2011) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978)). A municipality may not be sued under Section 1983 "for an injury inflicted solely by its employees or agents." Monell, 436 U.S. at 694. Rather, a

municipality is liable under Section 1983 only "when execution of [the local] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id.

A municipality may be liable under Section 1983 if an official with final policy-making authority "ratified a subordinate's unconstitutional decision or action and the basis for it." Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1250 (9th Cir. 2010), overruled on other grounds by, Castro v. Cnty. of Los Angeles, 833 F.3d 1060 (9th Cir. 2016). "If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final." City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988). The authorized policymaker, however, must make "a conscious, affirmative choice" in choosing a course of action. Gillette v. Delmore, 979 F.2d 1342, 1347 (9th Cir. 1992). Failing to discipline an employee's misconduct is not enough to establish ratification. Clouthier, 591 F.3d at 1253. Instead, ratification requires some level of supervisory approval—either explicit or tacit. See Christie v. Iopa, 176 F.3d 1231, 1239 (9th Cir. 1999) (holding that a plaintiff alleging ratification must allege "that the policymaker approved of the subordinate's act").

### 2. Analysis

Here, Plaintiffs fail to allege sufficient facts in support of their Monell claim under a ratification theory. Plaintiffs allege "upon information and belief, one or more final policymakers within the San Bernardino Sheriff's Department" had a "history of ratifying unreasonable uses of force, including deadly force" and ratified "unjustified and excessive use of deadly force against Decedent" by determining those acts were "within policy" after the fact. FAC ¶¶ 62-64. First, such allegations merely consist of conclusory and "boilerplate" language, and "there are no inferences to be drawn from" them that would support Monell liability. Magdaleno v. Cnty. of Riverside, No. EDCV-21-2027-JGB-SHKx, 2022 WL 1843977, at *4 (C.D. Cal. Apr. 14, 2022) (finding substantially similar allegations insufficient to support Monell claim predicated upon ratification theory). Moreover, "a municipal official's finding that a law enforcement officer acted within policy, without more, does not amount to Monell ratification." Savage v. City of Corona, No. EDCV-24-97-KK-SPx, 2024 WL 2104595, at *8 (C.D. Cal. Apr. 1, 2024) (citation modified).

Thus, Plaintiffs fail to state a Monell claim under a ratification theory. Accordingly, Defendant's Motion to Dismiss Plaintiffs' Fourth Cause of Action is **GRANTED**.

### B. PLAINTIFFS ARE GRANTED LEAVE TO AMEND

### 1. Applicable Law

A court should freely grant leave to amend a complaint dismissed for failure to state a claim. Fed. R. Civ. P. 15(a)(2); see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009). The court may dismiss without leave to amend, however, "if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (citation modified).

///

**2.     Analysis**

Here, the Court cannot conclude amendment would be futile because it is possible "allegation of other facts consistent with the challenged pleading could . . . cure the deficiency." Id. at 1003.  In addition, leave to amend would not prejudice Defendant or produce undue delay. Accordingly, Plaintiffs' Fourth Cause of Action is **DISMISSED with leave to amend**.

# V.
# CONCLUSION

For the reasons set forth above, the Motion is **GRANTED**.

**No later than 14 days from this order**, Plaintiffs shall file either (1) a Second Amended Complaint or (2) a statement indicating Plaintiffs intend to proceed on the surviving causes of action in the Complaint.  **Plaintiffs are expressly warned that failure to timely file either a Second Amended Complaint or a statement indicating Plaintiffs intend to proceed on the Complaint will result in this action being dismissed for failure to prosecute and comply with Court orders.**  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.