Shannon L. Gustafson (SBN 228856)
sgustafson@lynberg.com
Edward J. Southcott, Jr. (SBN 305701)
esouthcott@lynberg.com
Ayako Peters (SBN 312156)
apeters@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant, COUNTY OF SAN BERNARDINO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| NADA OSAMA NAFAA, individually and as Successor-in-Interest to MOHD F. HIJAZ, Deceased; FATHIEH JAWDAT NAJI, an individual; and J.H., a minor child of NADA OSAMA NAFAA and MOHD F. HIJAZ, <br><br> Plaintiffs, <br><br> COUNTY OF SAN BERNARDINO, a California county; and DOES 1-50, Inclusive, <br><br> Defendants. | CASE NO.  5:25-cv-0889-KKK-DTB <br><br> *Assigned for All Purposes to:* <br> *Hon. Kenly Kiya Kato* <br><br> **DEFENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; JURY DEMAND** <br><br> *Complaint filed: 4/10/25* |

      **COMES NOW**, Defendant COUNTY OF SAN BERNARDINO ("County"), (hereinafter "Defendant") in answering Plaintiffs NADA OSAMA NAFAA, individually and as Successor-in-Interest to MOHD F. HIJAZ, Deceased; FATHIEH JAWDAT NAJI, an individual; and J.H., a minor child of NADA OSAMA NAFAA and MOHD F. HIJAZ (hereinafter "Plaintiffs") Second Amended Complaint ("SAC") on file herein, for themselves alone and for no other Defendant, admit, deny, and allege as follows:

      1.    In answering paragraphs 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25 Defendant does not have sufficient information or belief to enable them to answer said paragraphs at this time and on that basis, Defendant denies each and every allegation contained therein.

      2.    In answering paragraphs 1 and 2, Defendant admits Plaintiff has stated the correct basis for the Court's current exercise of jurisdiction but denies any inference that the Court will retain jurisdiction on the same stated grounds throughout the entirety of this action. Defendant denies the remainder of these paragraphs.

      3.    In answering paragraph 8, Defendant admits that the County of San Bernardino is located in the Inland Empire region of California and includes the San Bernardino County Sheriff's Department. Defendant denies the remainder of these paragraphs.

      4.    In answering paragraph 9, Defendant admits that the San Bernardino County Sheriff's Department is a county-level government entity and a law enforcement entity. Defendant denies the remainder of these paragraphs.

      5.    In answering paragraphs 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 98, 100, 101, 102, 103, 104, 105, 106, 107, 108, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 122, 123, 124, 125, 126, 127, 128,

and 129, Defendant denies generally and specifically each and every allegation contained therein.

  6. Paragraph 99 does not set forth any factual content for Defendants to respond to as it simply explains California *Civil Code* § 52.1 (the Bane Act).

  7. In answering paragraphs 26, 33, 42, 59, 84, 97, 109, 121, Defendant reiterates and incorporates by reference its answers to those paragraphs previously contained in this answer.

  8. As to Plaintiff's "Prayer for Relief," Defendant denies Plaintiffs were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant, and further deny that Plaintiff is entitled to any recovery.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

  9. Plaintiffs' SAC, and each alleged cause of action in it, fails to state a claim upon which relief can be granted. Plaintiffs' SAC also fails to state a claim against any defendant in this action.

### SECOND AFFIRMATIVE DEFENSE

  10. At all times relevant to this litigation, Defendants acted in good faith, without malice, and within the scope of their duties as peace officers of the State of California. At all times pertinent to this action, the actions of the County of San Bernardino and its employees were reasonable, proper, and legal in all respects, and not committed for any improper or unconstitutional purpose.

### THIRD AFFIRMATIVE DEFENSE

  11. Any injury or damages suffered by Plaintiffs and/or Decedent were caused solely by reason of their own wrongful acts and conduct, and/or the acts and/or conduct of Plaintiffs and/or Decedent, and not by reason of any unlawful act or omission of these Defendant. Moreover, Plaintiffs failed to act in compliance

**DEFENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; JURY DEMAND**

with the mandates of the California Penal Code, as well as other laws, and this failure proximately caused and/or contributed to the injuries and damages claimed by Plaintiffs and/or Decedent in Plaintiffs' SAC.

**FOURTH AFFIRMATIVE DEFENSE**

12. Plaintiffs and/or Decedent willingly, voluntarily, and knowingly assumed each, every, and all the risks and hazards involved in the activities referred to in the SAC. Defendant is not liable for injury or damages, if any there were, because Plaintiff and/or Decedent were aware of the dangers and risks with respect to the alleged actions, and did knowingly, and voluntarily, and freely assume and expose themselves to said known risks, which assumption of the risk caused and/or contributed to the alleged damages sought by Plaintiffs and/or Decedent herein, therefore barring Plaintiffs, in any capacity, and/or Decedent from recovering, any relief from Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

13. Any injury to Decedent was due to and caused by his own negligence and failure to act with reasonable care, which carelessness, negligence and omissions were the proximate cause of the damage, if any, to Decedent. Any damages awarded in this action should therefore be in direct proportion, if any, as provided by California Civil Code §§1431 to 1431.5.

**SIXTH AFFIRMATIVE DEFENSE**

14. By the exercise of reasonable effort, Plaintiffs and/or Decedent could have mitigated the amount of damages, if any there were, but Plaintiff and/or Decedent failed and refused, and continued to fail and refuse, to exercise a reasonable effort to mitigate damages, and therefore Plaintiff is barred from seeking recovery of those damages.

**SEVENTH AFFIRMATIVE DEFENSE**

15. The present action is not brought or maintained in good faith, and

Defendant consequently prays for an award of all reasonable defense costs, including attorneys' fees, pursuant to Fed. Rule Civ. Proc. 11 and/or 42 U.S.C. § 1988.

### EIGHTH AFFIRMATIVE DEFENSE

16. This answering Defendant has never taken any action with a conscious disregard of Decedent's rights, and have not engaged in any conduct with respect to Decedent which would constitute deliberate or intentional conduct, nor has this answering Defendant ratified or approved any such act or acts of others.

### NINTH AFFIRMATIVE DEFENSE

17. Neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in the execution or enforcement of any law.

### TENTH AFFIRMATIVE DEFENSE

18. Defendant's actions herein were all pursuant to legitimate penal interests.

### ELEVENTH AFFIRMATIVE DEFENSE

19. The force used on Decedent, if any, was objectively reasonable under the circumstances and did not constitute excessive force.

### TWELVETH AFFIRMATIVE DEFENSE

20. Defendant alleges that Plaintiffs' claims fail to allege a constitutional or statutory violation.

### THIRTEENTH AFFIRMATIVE DEFENSE

21. Plaintiffs' claims are barred by res judicata and/or collateral estoppel principles.

### FOURTEENTH AFFIRMATIVE DEFENSE

22. The force used on Decedent, if any, was privileged in that it was used to effect a detention and/or arrest, to prevent escape, to overcome resistance, and/or in self-defense or the defense of others. Peace officers need not retreat nor desist

their law enforcement efforts by reason of Decedent's resistance or threatened resistance. Furthermore, peace officers are not to be deemed the aggressor nor do they lose their right to self-defense by the use of reasonable force to effect Decedent's detention and/or arrest, or to prevent Decedent escape or to overcome his resistance.

### FIFTEENTH AFFIRMATIVE DEFENSE

23. Defendant alleges that Plaintiffs received "collateral source payments" as set forth in California Government Code § 985 and that the verdict, if any, must be reduced accordingly.

### SIXTEENTH AFFIRMATIVE DEFENSE

24. Plaintiffs' claims are barred by the qualified immunity doctrine.

### SEVENTEENTH AFFIRMATIVE DEFENSE

25. Defendant alleges that none of the claims or causes of action of Plaintiffs' SAC state facts sufficient to constitute a claim against Defendant for punitive or exemplary damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

26. Defendant acted in good faith and did not directly or indirectly perform any act whatsoever which would constitute a violation of any right possessed by Plaintiffs and/or Decedent, or any duties owed to Plaintiffs and/or Decedent.

### NINTEENTH AFFIRMATIVE DEFENSE

27. All events in connection with the incident alleged in Plaintiffs' SAC and any resulting injuries or damages were contributed to and proximately caused by the negligence of Plaintiffs and/or Decedent, in that he failed to exercise ordinary care for his own safety under the circumstances, thereby barring any recovery.

### TWENTIETH AFFIRMATIVE DEFENSE

28. Defendant may not be held liable on a respondeat superior theory for any negligent or wrongful act or omission on the part of any subordinate. Monell v.

Department of Social Services of the City of New York, 436 U.S. 658 (1978); Larez v. City of Los Angeles, 946 F.2d 630, 645-646 (9th Cir. 1991); cf. City of Canton v. Harris, 489 U.S. 378, 388-389 (1989); City of Los Angeles v. Heller, 475 U.S. 796 (1986).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

29. Pursuant to Harlow v. Fitzgerald, 457 U.S. 800 (1982), Defendant is immune from liability pursuant to the Federal Civil Rights Act where said Defendant acted in good faith and entertained an honest and reasonable belief that Defendant's actions were necessary.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

30. Plaintiffs' claims are barred by sovereign immunity and/or the federal Eleventh Amendment.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

31. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §§ 815 and 815.2.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

32. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §815.6.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

33. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §818.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

34. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §818.2.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

35. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §818.8.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

36. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §820.2

## TWENTY-NINTH AFFIRMATIVE DEFENSE

37. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §820.4.

## THIRTIETH AFFIRMATIVE DEFENSE

38. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §820.6.

## THIRTY- FIRST AFFIRMATIVE DEFENSE

39. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §820.8.

## THIRTY- SECOND AFFIRMATIVE DEFENSE

40. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §821.

## THIRTY- THIRD AFFIRMATIVE DEFENSE

41. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §821.6.

## THIRTY- FOURTH AFFIRMATIVE DEFENSE

42. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §821.8.

## THIRTY- FIFTH AFFIRMATIVE DEFENSE

43. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §822.2.

## THIRTY- SIXTH AFFIRMATIVE DEFENSE

44. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §845.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

45. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §845.8.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

46. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §846.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

47. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §855.6.

**FORTIETH AFFIRMATIVE DEFENSE**

48. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §855.8.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

49. Defendant alleges that Plaintiffs' claims are barred by the provision of California Government Code §856.4.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

50. The force, if any, used on Decedent was only that amount of force justified pursuant to California Civil Code § 50 and/or California Penal Code § 835a.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

51. Defendant alleges that Plaintiffs' claims are barred by the provisions of California Penal Code §§834, 834a and 835.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

52. Defendant alleges that Plaintiffs' claims are barred by the provisions of California Penal Code §835a.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

53. Defendant alleges that Plaintiffs' claims are barred by the provisions of

California Penal Code §836 and 836.5.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

54. This action is barred by the pertinent statute of limitations, including but not limited to, that expressed in California Code of Civil Procedure §§ 335.1, 338(c), 340, 342, 343, and California Government Code § 945.6 and/or 950.2.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

55. Defendant alleges that that Plaintiffs' claims are barred by the provisions of California Government Code §§ 911.2, 945.4, and 945.6. Specifically, Plaintiffs' governmental claim form, if any, and/or Complaint are untimely and/or the allegations contained therein vary from those now asserted in the SAC.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

56. Plaintiffs' claims are barred by California Penal Code §197.

### FORTY-NINTH AFFIRMATIVE DEFENSE

57. Plaintiffs' claims are barred by the provisions of California Code Civil Procedure §§ 377 et seq., including but not limited to, 377.10, 377.11, 377.30, 377.31, 377.32, 377.33, 377.34, 377.35, 377.60, 377.61, and 377.62.

### FIFTIETH AFFIRMATIVE DEFENSE

58. At the time of the incident referred to in Plaintiffs' SAC, Plaintiffs and/or Decedent and/or third parties were negligent or at fault and failed to use that degree of care and caution which a reasonably prudent person would have used under the same or similar circumstances; that Plaintiffs and/or Decedent's negligence or fault must be compared with the negligence or fault of this Plaintiff and/or Decedent, as well as that of any other persons and parties; and that any award to Plaintiffs must be reduced by the amount that Plaintiff and/or Decedent' negligence and/or third parties and/or other persons fault contributed to Plaintiff and/or Decedent injuries and damages.

///

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

59. Defendants actions were in self defense and or defense of others.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

60. Defendant owed no duty of care to Plaintiffs. See, Zelig v. County of Los Angeles, 27 Cal.4th 1112, 1131 (2002); see also, Herd v. County of San Bernardino, 311 F.Supp.3d 1157, 1171 (C.D. Cal. 2018); de Villers v. County of San Diego, 156 Cal.App.4th 238, 249-253 (2007).

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

61. Neither the public entity nor any employee within the scope of employment stood in such a special relationship to any person alleged in the complaint so as to give rise to any duty running to any person.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

62. Plaintiffs' suit is barred by the doctrine of unclean hands.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

63. Any injury to Plaintiffs and/or Decedent was due to and caused by Plaintiff's and/or Decedent's own negligence and failure to act with reasonable care, which a reasonably prudent person would have used under the same or similar circumstances. Plaintiffs' and/or Decedent's carelessness, negligence, and omissions were the proximate cause of the damage, if any, to Plaintiffs and/or Decedent. Any damages awarded in this action should therefore be in direct proportion to the fault of Defendant, if any, as well as that of any other co-defendant, person, and parties, and any award to Plaintiffs must be reduced by the amount of Plaintiffs' and/or Decedent's negligence or fault as provided by California Civil Code §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5, and 1432.

**FIFTY SIXTH AFFIRMATIVE DEFENSE**

64. The damages allegedly sustained by Plaintiffs, which such damages are generally and specifically denied to exist, were the result of the active and affirmative

negligent acts or omissions to act of Plaintiff, Decedent and/or independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in unforeseeable superseding and intervening causes of Plaintiffs' alleged damages, which thereby relieves these responding Defendants from liability.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

65. Because Plaintiffs' SAC is couched in conclusory terms, the Defendant cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, Defendant expressly reserves the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

WHEREFORE, Defendant prays that Plaintiffs take nothing by way of the Second Amended Complaint and that Defendant herein recovers its attorney's fees, costs and such other and further relief as the Court may deem just and proper.

DATED: November 12, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT, JR.**
**AYAKO PETERS**
Attorneys for Defendants,
COUNTY OF SAN BERNARDINO,

## DEMAND FOR A JURY TRIAL

PLEASE TAKE NOTICE that Defendant hereby demands a trial by jury on all issues pursuant to the Seventh Amendment and Fed. R. Civ. Proc. 38.

DATED: November 12, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON
EDWARD J. SOUTHCOTT, JR.
AYAKO PETERS**
Attorneys for Defendants,
COUNTY OF SAN BERNARDINO,

**DEFENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; JURY DEMAND**