Sa'id Vakili, Esq. (SBN: 176322)
vakili@vakili.com
Robert S. Brown, Esq. (SBN: 187845)
rstanfordbrown@gmail.com
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010-2822

**213/380-6010**  |  Fax: 213/380-6051

*Counsel for Plaintiffs Nada Osama Nafaa, Fathieh Jawdat Naji, and J.H.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| **NADA OSAMA NAFAA, individually and as Successor-in-Interest to MOHD F. HIJAZ, Deceased; FATHIEH JAWDAT NAJI, an individual; and J.H., a minor child of NADA OSAMA NAFAA and MOHD F. HIJAZ,**<br><br>Plaintiffs,<br><br>v.<br><br>**COUNTY OF SAN BERNARDINO, a California county; and DOES 1-10, Inclusive,**<br><br>Defendants. | CASE NO.: **5:25-cv-00889-KK (DTBx)**<br><br>[*Hon. Kenly Kiya Kato, Courtroom 3*]<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference<br>Date:       January 15, 2026<br>Time:      10:00 a.m.<br>Location:  Courtroom 3<br>              3470 Twelfth Street<br>              Riverside, California  92501 |

Plaintiffs Nada Osama Nafaa, Fathieh Jawdat Naji, and J.H. (a minor, represented by her Guardian *Ad Litem*, Nada Osama Nafaa) (collectively, "Plaintiffs") and defendant County of San Bernardino ("Defendant" and/or the "County"), collectively, the "Parties," by and through their respective counsel of record, submit the following Joint Rule 26(f) Report.

Pursuant to *Federal Rules of Civil Procedure* Rule 26(f), counsel for the Parties initiated the meet and confer process on December 24, 2025, regarding the case management and nature of the Parties' claims and defenses, to develop a discovery plan, prepare the joint report to the Court, and arrange for the required Initial Disclosures between the Parties. Robert S. Brown and Sa'id Vakili participated in the conference on behalf of Plaintiffs, and Edward Southcott participated on behalf of Defendant.

The parties submit their views and proposals concerning the following topics:

1. **STATEMENT OF THE CASE**

   A. **Plaintiffs' Allegations**

   Shortly after midnight, in the early hours of Tuesday, March 19, 2024, deputies were called to the 10100 block of Foothill Boulevard at the Arte Apartments complex, just east of the intersection with Hermosa Avenue in Rancho Cucamonga. At least one unidentified individual contacted police to report that a person, *i.e.*, Mohd F. Hijaz ("Mr. Hijaz," or the "Decedent"), was in distress and acting erratically. Mr. Hijaz was outside in the parking lot, sitting near a bush or curb.

   At some point before the deputies were called and arrived, Mr. Hijaz had a brief exchange with at least one passing driver who noticed he was in distress. Mr. Hijaz was sitting on the ground in plain view by some low shrubbery in the outdoor parking lot of the Arte Apartments. During that brief interaction, he could barely verbalize that he needed water, and the driver replied, "I'm going to get you some water, hold on," or something similar, as the driver drove past him.

The County's San Bernardino Sheriff's Department ("SBSD") deputies responded within minutes of the call, and two female officers encountered the distressed 32-year-old Mr. Hijaz. Mr. Hijaz was seated when the two female SBSD deputies arrived. As the deputies parked and approached him, Mr. Hijaz stood up and began walking toward them, likely seeking water or assistance since he was visibly in distress and not feeling well. The SBSD deputies deployed their tasers on Mr. Hijaz multiple times. At one point during the encounter, another patrol car, presumably also from the County's SBSD, arrived, bringing two large male deputies to assist.

In the course of their encounter with Mr. Hijaz, the SBSD deputies employed unreasonable and disproportionate force. Mr. Hijaz was tasered multiple times and struck violently with a barrage of baton strikes. At one point during the encounter, Mr. Hijaz's head was violently slammed into the pavement while he was continually hit with batons.

As a result of the physical assault on Mr. Hijaz by the SBSD deputies, Mr. Hijaz sustained severe injuries and experienced cardiopulmonary arrest. Mr. Hijaz was held until personnel from the Rancho Cucamonga Fire and American Medical Response arrived to transport him to San Antonio Regional Hospital in Upland, California.

Shortly after Mr. Hijaz was transported to San Antonio Regional Hospital in the early morning hours of March 19, 2024, he was pronounced dead.

**B.     Defendant's Allegations**

Defendant denies all claims that Plaintiff was subjected to excessive force, that he was battered, that his civil rights were violated, that Defendant or its employees were negligent, and that Decedent's death was caused by any actions for which Defendant is liable. Further, Defendant denies that it maintains any unconstitutional polices, practices or customs, or has failed to adequately train its employees.

**C.     Operative Claims**

Based on the current pleadings [Dkt. Doc. 1], the operative claims are currently as follows:

(1) Fourth Amendment – Excessive Force (42 U.S.C. § 1983);

(2) Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983);

(3) Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983);

(4) Municipal Liability – Ratification (42 U.S.C. § 1983);

(5) Municipal Liability – Failure to Train (42 U.S.C. § 1983);

(6) Violation of Civil Rights (Cal. *Civil Code* § 52.1);

(7) Negligence – Wrongful Death & Survival (Cal. *Code of Civil Procedure* §§ 377.60 and 377.61); and

(8) Battery – Wrongful Death & Survival (Cal. *Code of Civil Procedure* §§ 377.60 and 377.61).

### D.　Status of Amended Pleadings and Adding of Parties

Plaintiffs will add the deputies who used deadly force against decedent, Mr. Hijaz. Plaintiffs reserve the right to add such parties to the extent permitted under the operative pleading rules. Defendant County has answered the operative Complaint.

## 2.　SUBJECT MATTER JURISDICTION

Plaintiffs have filed federal claims pursuant to 42 U.S.C. § 1983 and related state law claims. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1367 (supplemental jurisdiction). Cf. 28 U.S.C. § 1391 (re venue).

## 3.　LEGAL ISSUES

The legal issues to be determined are as follows:

a. Whether the deputies of the San Bernardino County Sheriff's Department used excessive force in causing Mr. Hijaz's death;

b. Whether the deputies acted with deliberate indifference or purpose to harm in causing Mr. Hijaz's death;

c. Whether the deputies are entitled to qualified immunity;

    d. Whether the County of San Bernardino is municipally liable pursuant to theories of ratification, inadequate training, or unconstitutional custom or practice;

    e. Whether the deputies either made threats of violence with the specific intent of causing the Plaintiff to reasonably believe that if they exercised their rights secured by the Constitution or the laws of this state, the officers would carry out such threats; or acted violently against Mr. Hijaz for exercising his constitutional rights.

    f. Whether the deputies engaged in negligent tactics, causing Mr. Hijaz's death.

    g. Whether the deputies battered Mr. Hijaz, causing his death.

    h. Whether the deputies of the San Bernardino County Sheriff's Department caused Mr. Hijaz's death.

    i. Damages.

**4. PARTIES, EVIDENCE, ETC.**

    **A. Parties:**

        a. Plaintiffs: (1) Nada Osama Nafaa; (2) Fathieh Jawdat Naji; and (3) J.H. (a minor, represented by her Guardian *Ad Litem*, Nada Osama Nafaa).

        b. Defendant: County of San Bernardino.

    **B. Percipient Witnesses:**

        a. Plaintiffs: (1) Nada Osama Nafaa; (2) Sean Egle.

        b. Defendant: County of San Bernardino Deputies who are currently unknown to Plaintiffs.

    **C. Key Documents on Main Issues:**

        1. All reports prepared by deputies and public safety personnel who may have been involved with the incident alleged in the Complaint;

2. All reports prepared by law enforcement personnel and public safety personnel who may have investigated the incident alleged in the Complaint;

3. All pertinent medical records of decedent, any Plaintiff, or individual involved in the underlying incident;

4. Reports of all parties' experts and all supporting documentation, data, video presentations, learned treatises, publications, studies, etc.;

5. Photographs of Plaintiff, incident, scene, deputies, etc.;

6. All exhibits identified through future discovery including any items produced pursuant to a protective order in this matter;

7. Video/audio recordings of the incidents at issue in the Complaint;

8. All witness statements concerning the underlying incident and events alleged in the Complaint;

9. All documents, records, and/or data relied upon by involved deputies and personnel concerning the incident and events alleged in the Complaint, including CAD logs, dispatch communications, and law enforcement radio communications, etc.; and,

10. Relevant policies of the San Bernardino County Sheriff's Department in effect on the date of the incident.

5. **DAMAGES**

**Plaintiffs:**

Plaintiffs have not ascertained an expert to determine the value of the damages that they have suffered. Plaintiffs are seeking general, special, and punitive damages, in addition to reasonable attorney's fees under 42 U.S.C. § 1988.

Plaintiffs' damages are based on the elements of general and special damages, which Plaintiffs claim they have suffered as a result of the actions and inactions of Defendant and DOES 1 through 10, inclusive.

**Defendant:**

Defendant denies Plaintiffs were injured or damaged in any amount or sum, or at all, by reason of any wrongful act or omission of Defendant, and further denies that Plaintiffs are entitled to any recovery.

6. **INSURANCE**

   **Plaintiffs:**

   Plaintiffs have no insurance agreements that affect this matter.

   **Defendant:**

   Defendant County is insured pursuant to Government Code §§ 990 et. seq.

7. **MOTIONS**

   **Plaintiffs:**

   Litigation in this matter is still in its very early stages, so the parties cannot yet foresee all of the legal issues that may arise in this case. During the course of this litigation, the parties expect that they may file the following potential motions:

   A. Motion(s) to Amend the Pleadings will be necessary after engaging in the discovery process to add/remove named defendants, and/or amend causes of action.

   B. Discovery motions, potentially seeking monetary, evidence/issue, and/or terminating sanctions (*e.g.*, if Defendant refuses to produce pertinent personnel documents pursuant to a timely request for production of documents and an agreement to a Protective Order);

   C. Motions *in limine*, potentially including *Daubert* motions *in limine*;

   D. Other pretrial and/or post-trial motions as may be appropriate.

   **Defendant:**

   Defendant anticipates filing discovery motions if needed. Defendant further anticipates filing a Motion for Summary Judgment/Adjudication at the close of discovery, if appropriate.

## 8. MANUAL FOR COMPLEX LITIGATION

This is not a complex matter requiring the use of the Manual for Complex Litigation.

## 9. STATUS OF DISCOVERY

The parties will exchange initial disclosures according to Rule 26 on January 15, 2026. They have not yet exchanged written discovery or taken depositions. The parties expect to enter into a stipulated protective order before conducting any discovery to ensure the confidentiality of sensitive documents.

## 10. DISCOVERY PLAN

The Parties will propound written discovery and take depositions as delineated in the proposed discovery plan below:

### A. Subjects on Which Discovery May be Needed

#### 1. Plaintiffs:

Plaintiffs intend to depose all individual Defendants, potential 3rd party percipient witnesses, Defendants' expert witnesses, pertinent deponents under Rule 30(b)(6). The anticipated subject matter of discovery includes: each individual Defendant's version of events regarding their interaction with Mr. Hijaz; pertinent policies and procedures of San Bernardino County Sheriff's Department regarding use-of-force, and deadly force; prior allegations against individual Defendant's re excessive force; *Monell* discovery regarding the training of San Bernardino County Sheriff's Department deputies; *Monell* discovery regarding ratification of the excessive force that deputies committed against Mr. Hijaz; and, *Monell* discovery re unconstitutional customs and practices of the San Bernardino County Sheriff's Department regarding excessive force.

Plaintiffs may require more than the ten allotted deposition per Federal Rules of Civil Procedure 30(a)(2). If so, Plaintiffs will seek leave of the Court to conduct those depositions.

In addition to depositions, Plaintiffs will engage in written discovery including serving requests for production of documents, special interrogatories, and requests for admissions.

Plaintiffs will initiate discovery to obtain "me too" evidence under FRE 404(b). In so doing, Plaintiffs will be seeking information and documents relating to other personnel complaint allegations, investigations, and adjudications of the involved San Bernardino County Sheriff's Department deputies for issues implicated in this case (*e.g.*, excessive force). Consequently, Plaintiffs' counsel has initiated the meet and confer process regarding the filing of a stipulated Protective Order to expedite the discovery process regarding pertinent other personnel complaint information.

### 2. **Defendant:**

Defendant intends to depose all Plaintiffs, potential 3rd party percipient witnesses, and Plaintiffs' expert witnesses. The anticipated subject matter of discovery includes: accounts of percipient witnesses, expert opinions or conclusions, damages.

### B. **Proposed Discovery Plan**

Pursuant to Federal Rule of Civil Procedure 26, the Parties propose the following discovery plan:

<u>Timing of Discovery</u>: The Parties do not believe that discovery should be conducted in phases.

<u>Electronically Stored Information (ESI)</u>: ESI will be discoverable and shall be properly preserved. ESI may be produced in readable portable document format (PDF). The parties agree to preserve all documents and ESI relating to Mr. Hijaz's arrest.

<u>Privilege/Protection Issues; Stipulated Protective Order & Confidentiality Agreement</u>: The Parties intend to utilize the procedures provided for in Rule 26(b)(5), in the event such procedures become necessary.

<u>Limitations on Discovery</u>: The Parties do not currently anticipate the need for any changes or limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

<u>Orders Under Rule 26(c) or Rule 16(b) and (c)</u>:  The Parties do not request any specific orders under these rules at this time.

<u>The Parties Will Meet-and-Confer</u>.  Counsel for the parties will meet-and-confer on any discovery issues, and before moving for an order relating to discovery, the movant will request a conference with the Court or the Magistrate Judge pursuant to Rule 16(b)(3)(B)(v).

## 11. DISPOSITIVE MOTIONS

### Plaintiffs:

Currently, Plaintiffs do not anticipate filing any dispositive motions.  However, Plaintiffs request the following briefing schedule if either party brings a Motion for Summary Judgment: (1) that the movant file any motion for summary judgment five weeks before the hearing date; (2) that the Opposition be due three weeks before the hearing date; and, (3) that the Reply be due two weeks before the hearing date.  **Plaintiffs request that the Court include this briefing schedule in its Scheduling Order.**

### Defendant:

Defendant anticipates filing a Motion for Summary Judgment/Adjudication at the close of discovery, if appropriate.

## 12. SETTLEMENT

The parties have conferred on the prospects for settlement of this matter.  However, absent initial disclosures and/or preliminary discovery, the parties contend that it is premature for them to properly assess the prospects for resolving this matter by settlement.  The parties have agreed on settlement/ADR procedure no. 2 (**Court Mediation Panel**) and request that Richard Copeland be assigned as the mediator.

13. **CONSENT TO A MAGISTRATE JUDGE**

Parties have discussed the magistrate judge consent program with their respective clients. Counsel have met and conferred to discuss the consent program. Plaintiffs and Defendant do not consent to having a Magistrate Judge preside over the matter for all purposes.

14. **TRIAL ESTIMATE**

Parties estimate a four- to five-day jury trial.

15. **TRIAL COUNSEL**

Plaintiffs' trial counsel will be Sa'id Vakili and Robert S. Brown (lead), Vakili & Leus, LLP.

Defendant's trial counsel will be Shannon Gustafson (lead) and Edward Southcott, Lynberg & Watkins.

16. **INDEPENDENT EXPERT**

The parties do not believe this is a case where the Court should consider appointing an independent expert or master.

17. **TIMETABLE**

The dates and deadlines requested are in Exhibit A to this Joint Report. The parties request a case management scheduling order with dates and deadlines comparable to those in Exhibit A to the extent feasible in light of the Court's calendar (which has been prepared after careful consultation with the Court's applicable standing and model orders).

The parties acknowledge that the Court may have trial calendar conflicts that prevent adoption of the above proposed dates. In such an event, the parties request that alternate dates be scheduled but, to the extent feasible and at the discretion of the Court and as permissible under the applicable Rules, that the relative sequence of deadlines proposed herein above serve as the template for any scheduling order.

**18.  OTHER ISSUES**

None at this time.

DATED: December 26, 2025            **VAKILI & LEUS, LLP**

By: /s/ *Sa'id Vakili*
Sa'id Vakili, Esq.
Robert S. Brown, Esq.
*Counsel for Plaintiffs, Nada Osama Nafaa, Fathieh Jawdat Naji, and J.H.*

DATED: December 26, 2025            **LYNBERG & WATKINS**

By: /s/ *Edward J. Southcott*
Shannon L. Gustafson
Edward J. Southcott
Ayako Peters
*Counsel for Defendant County of San Bernardino*

**ATTESTATION PURUSANT TO LOCAL RULE 5-4.3.4, subd. (2)(i)**

All other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized the filing of this document.

DATED: December 26, 2025            **VAKILI & LEUS, LLP**

By: /s/ *Sa'id Vakili*
Sa'id Vakili, Esq.
Robert S. Brown, Esq.
*Counsel for Plaintiffs, Nada Osama Nafaa, Fathieh Jawdat Naji, and J.H.*

# CERTIFICATE OF SERVICE

*Nada Osama Nafaa, et al. v. County of San Bernardino, et al.*
*USDC C.D. Cal. Case No.: 5:25-cv-00889-KK-DTB*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Vakili & Leus, LLP, 3701 Wilshire Boulevard, Los Angeles, Suite 1135, Los Angeles, California 90010.

On December 26, 2025, I served the foregoing document described as **JOINT RULE 26(f) REPORT** on all interested parties in this action at the addresses listed below, as follows:

Shannon L. Gustafson, Esq.
*sgustafson@lynberg.com*
Edward J. Southcott, Esq.
*esouthcott@lynberg.com*
Mark Meneses, Esq.
*mmeneses@lynberg.com*
**LYNBERG & WATKINS**
**A Professional Corporation**
1100 W. Town & Country Road, Suite #1450
Orange, California 92868

**714/937-1010** | Fax: 714/937-1003

*Counsel for Defendant County of San Bernardino*

I hereby certify that on the 26th day of December, 2025, I will cause to be served the above-referenced document via the United States District Court's Electronic Filing Program on the designated recipient via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing ("NEF") to the filing party, the assigned judge, and any registered users in this action. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

/s/ *Jason C. Ming*
Jason C. Ming