Shannon L. Gustafson (SBN 228856)
sgustafson@lynberg.com
Edward J. Southcott (SBN 305701)
esouthcott@lynberg.com
Ayako Peters (SBN 312156)
apeters@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants COUNTY OF SAN BERNARDINO, DEPUTY LYANNA TANG, DEPUTY ERICA GARCIA, and DEPUTY ADRIAN SANDOVAL

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| NADA OSAMA NAFAA, individually and as Successor-in-Interest to MOHD F. HIJAZ, Deceased; FATHIEH JAWDAT NAJI, an individual; and J.H., a minor child of NADA OSAMA NAFAA and MOHD F. HIJAZ,<br><br>Plaintiffs,<br><br>COUNTY OF SAN BERNARDINO, a California county; DEPUTY LYANNA TANG, an individual; DEPUTY ERICA GARCIA, an individual; DEPUTY ADRIAN SANDOVAL, an individual; and DOES 4 through 10, Inclusive,<br><br>Defendants. | CASE NO.  5:25-cv-0889-KKK-DTB<br><br>*Assigned for All Purposes to:*<br>*Hon. Kenly Kiya Kato*<br><br>**COUNTY DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT; JURY DEMAND**<br><br>*Complaint Filed: April 10, 2025*<br>*FAC:  August 28, 2025*<br>*SAC:  October 30, 2025*<br>*TAC:  April 30, 2026*<br><br>*Trial Date:  March 22, 2027* |

**1**

**COMES NOW**, Defendants COUNTY OF SAN BERNARDINO ("County"), DEPUTY LYANNA TANG, DEPUTY ERICA GARCIA, and DEPUTY ADRIAN SANDOVAL (hereinafter "Defendants") in answering Plaintiffs NADA OSAMA NAFAA, individually and as Successor-in-Interest to MOHD F. HIJAZ, Deceased; FATHIEH JAWDAT NAJI, an individual; and J.H., a minor child of NADA OSAMA NAFAA and MOHD F. HIJAZ (hereinafter "Plaintiffs") Third Amended Complaint ("TAC") on file herein, for themselves alone and for no other Defendants, admit, deny, and allege as follows:

1.     In answering paragraphs 3, 4, 5, 6, 7, 10, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 32, Defendants do not have sufficient information or belief to enable them to answer said paragraphs at this time and on that basis, Defendant denies each and every allegation contained therein.

2.     In answering paragraphs 1 and 2, Defendants admit Plaintiffs have stated the correct basis for the Court's current exercise of jurisdiction but denies any inference that the Court will retain jurisdiction on the same stated grounds throughout the entirety of this action. Defendant denies the remainder of these paragraphs.

3.     In answering paragraph 8, Defendants admit that the County of San Bernardino is located in the Inland Empire region of California and includes the San Bernardino County Sheriff's Department. Defendants deny the remainder of these paragraphs.

4.     In answering paragraph 9, Defendants admit that the San Bernardino County Sheriff's Department is a law enforcement agency operated by the County of San Bernardino. Defendants deny the remainder of these paragraphs.

5.     In answering paragraphs 11, 12, and 13, Defendants DEPUTY LYANNA TANG, DEPUTY ERICA GARCIA, and DEPUTY ADRIAN SANDOVAL were deputies employed by San Bernardino Sheriff's Department at the time of the incident. Defendants deny the remainder of these paragraphs.

**2**

**COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

6.    In answering paragraphs 34, 35, 36, 37, 38, 39, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50, 52, 53, 54, 55, 56, 57, 58, 60, 61, 62, 63, 64, 65, 66, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 85, 86, 87, 88, 89, 90, 91, 93, 94, 95, 96, 98, 100, 101, 102, 103, 104, 106, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117,  119, 120, 122, 123, 124, 125, 126, 127, 128, 129, 131, 132, 133, 134, 135, 136, 137, and 138, Defendants deny generally and specifically each and every allegation contained therein.

7.    Paragraph 107 does not set forth any factual content for Defendants to respond to as it simply explains California *Civil Code* § 52.1 (the Bane Act). To extent factual allegations are inferred they are denied.

8.    In answering paragraphs 33, 42, 51, 67, 92, 105, 118, and 130, Defendants reiterate and incorporates by reference its answers to those paragraphs previously contained in this answer.

9.    As to Plaintiffs' "Prayer for Relief," Defendants deny Plaintiffs were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant, and further deny that Plaintiff is entitled to any recovery.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

1.    Plaintiffs' TAC, and each alleged cause of action in it, fails to state a claim upon which relief can be granted. Plaintiffs' TAC also fails to state a claim against any defendants in this action.

## SECOND AFFIRMATIVE DEFENSE

2.    At all times relevant to this litigation, Defendants acted in good faith, without malice, and within the scope of their duties as peace officers of the State of California. At all times pertinent to this action, the actions of the County of San Bernardino and its employees were reasonable, proper, and legal in all respects, and

**COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

not committed for any improper or unconstitutional purpose.

**THIRD AFFIRMATIVE DEFENSE**

3.      Any injury or damages suffered by Plaintiffs and/or Decedent were caused solely by reason of their own wrongful acts and conduct, and/or the acts and/or conduct of Plaintiffs and/or Decedent, and not by reason of any unlawful act or omission of these Defendants.  Moreover, Plaintiffs failed to act in compliance with the mandates of the California Penal Code, as well as other laws, and this failure proximately caused and/or contributed to the injuries and damages claimed by Plaintiffs and/or Decedent in Plaintiffs' TAC.

**FOURTH AFFIRMATIVE DEFENSE**

4.      Plaintiffs and/or Decedent willingly, voluntarily, and knowingly assumed each, every, and all the risks and hazards involved in the activities referred to in the TAC. Defendants are not liable for injury or damages, if any there were, because Plaintiff and/or Decedent were aware of the dangers and risks with respect to the alleged actions, and did knowingly, and voluntarily, and freely assume and expose themselves to said known risks, which assumption of the risk caused and/or contributed to the alleged damages sought by Plaintiffs and/or Decedent herein, therefore barring Plaintiffs, in any capacity, and/or Decedent from recovering, any relief from Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

5.      Any injury to Decedent was due to and caused by his own negligence and failure to act with reasonable care, which carelessness, negligence and omissions were the proximate cause of the damage, if any, to Decedent. Any damages awarded in this action should therefore be in direct proportion, if any, as provided by California Civil Code §§1431 to 1431.5.

**SIXTH AFFIRMATIVE DEFENSE**

6.      By the exercise of reasonable effort, Plaintiffs and/or Decedent could

4

**COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

have mitigated the amount of damages, if any there were, but Plaintiff and/or Decedent failed and refused, and continued to fail and refuse, to exercise a reasonable effort to mitigate damages, and therefore Plaintiff is barred from seeking recovery of those damages.

## SEVENTH AFFIRMATIVE DEFENSE

7. The present action is not brought or maintained in good faith, and Defendants consequently pray for an award of all reasonable defense costs, including attorneys' fees, pursuant to Fed. Rule Civ. Proc. 11 and/or 42 U.S.C. § 1988.

## EIGHTH AFFIRMATIVE DEFENSE

8. This answering Defendant has never taken any action with a conscious disregard of Decedent's rights, and have not engaged in any conduct with respect to Decedent which would constitute deliberate or intentional conduct, nor has this answering Defendants ratified or approved any such act or acts of others.

## NINTH AFFIRMATIVE DEFENSE

9. Neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in the execution or enforcement of any law.

## TENTH AFFIRMATIVE DEFENSE

10. Defendants' actions herein were all pursuant to legitimate penal interests.

## ELEVENTH AFFIRMATIVE DEFENSE

11. The force used on Decedent, if any, was objectively reasonable under the circumstances and did not constitute excessive force.

## TWELVETH AFFIRMATIVE DEFENSE

12. Defendants allege that Plaintiffs' claims fail to allege a constitutional or statutory violation.

**COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiffs' claims are barred by res judicata and/or collateral estoppel principles.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    The force used on Decedent, if any, was privileged in that it was used to effect a detention and/or arrest, to prevent escape, to overcome resistance, and/or in self-defense or the defense of others. Peace officers need not retreat nor desist their law enforcement efforts by reason of Decedent's resistance or threatened resistance. Furthermore, peace officers are not to be deemed the aggressor nor do they lose their right to self-defense by the use of reasonable force to effect Decedent's detention and/or arrest, or to prevent Decedent escape or to overcome his resistance.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Defendants allege that Plaintiffs received "collateral source payments" as set forth in California Government Code § 985 and that the verdict, if any, must be reduced accordingly.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiffs' claims are barred by the qualified immunity doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Defendants allege that none of the claims or causes of action of Plaintiffs' TAC state facts sufficient to constitute a claim against Defendants for punitive or exemplary damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Defendants acted in good faith and did not directly or indirectly perform any act whatsoever which would constitute a violation of any right possessed by Plaintiffs and/or Decedent, or any duties owed to Plaintiffs and/or Decedent.

6

**COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

## NINTEENTH AFFIRMATIVE DEFENSE

19.     All events in connection with the incident alleged in Plaintiffs' TAC and any resulting injuries or damages were contributed to and proximately caused by the negligence of Plaintiffs and/or Decedent, in that he failed to exercise ordinary care for his own safety under the circumstances, thereby barring any recovery.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Defendants may not be held liable on a respondeat superior theory for any negligent or wrongful act or omission on the part of any subordinate. Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978); Larez v. City of Los Angeles, 946 F.2d 630, 645-646 (9th Cir. 1991); cf. City of Canton v. Harris, 489 U.S. 378, 388-389 (1989); City of Los Angeles v. Heller, 475 U.S. 796 (1986).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Pursuant to Harlow v. Fitzgerald, 457 U.S. 800 (1982), Defendants are immune from liability pursuant to the Federal Civil Rights Act where said Defendants acted in good faith and entertained an honest and reasonable belief that Defendants' actions were necessary.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiffs' claims are barred by sovereign immunity and/or the federal Eleventh Amendment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §§ 815 and 815.2.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §815.6.

7

**COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25.    Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §818.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26.    Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §818.2.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27.    Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §818.8.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28.    Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §820.2

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29.    Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §820.4.

**THIRTIETH AFFIRMATIVE DEFENSE**

30.    Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §820.6.

**THIRTY- FIRST AFFIRMATIVE DEFENSE**

31.    Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §820.8.

**THIRTY- SECOND AFFIRMATIVE DEFENSE**

32.    Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §821.

**THIRTY- THIRD AFFIRMATIVE DEFENSE**

33.    Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §821.6.

**COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

## THIRTY- FOURTH AFFIRMATIVE DEFENSE

34.    Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §821.8.

## THIRTY- FIFTH AFFIRMATIVE DEFENSE

35.    Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §822.2.

## THIRTY- SIXTH AFFIRMATIVE DEFENSE

36.    Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §845.

## THIRTY- SEVENTH AFFIRMATIVE DEFENSE

37.    Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §845.8.

## THIRTY- EIGHTH AFFIRMATIVE DEFENSE

38.    Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §846.

## THIRTY- NINTH AFFIRMATIVE DEFENSE

39.    Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §855.6.

## FORTIETH AFFIRMATIVE DEFENSE

40.    Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §855.8.

## FORTY-FIRST AFFIRMATIVE DEFENSE

41.    Defendants allege that Plaintiffs' claims are barred by the provision of California Government Code §856.4.

## FORTY-SECOND AFFIRMATIVE DEFENSE

42.    The force, if any, used on Decedent was only that amount of force justified pursuant to California Civil Code § 50 and/or California Penal Code §

**9**

835a.

## FORTY-THIRD AFFIRMATIVE DEFENSE

43.     Defendants allege that Plaintiffs' claims are barred by the provisions of California Penal Code §§834, 834a and 835.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

44.     Defendants allege that Plaintiffs' claims are barred by the provisions of California Penal Code §835a.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

45.     Defendants allege that Plaintiffs' claims are barred by the provisions of California Penal Code §836 and 836.5.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

46.     This action is barred by the pertinent statute of limitations, including but not limited to, that expressed in California Code of Civil Procedure §§ 335.1, 338(c), 340, 342, 343, and California Government Code § 945.6 and/or 950.2.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

47.     Defendants allege that that Plaintiffs' claims are barred by the provisions of California Government Code §§ 911.2, 945.4, and 945.6. Specifically, Plaintiffs' governmental claim form, if any, and/or Complaint are untimely and/or the allegations contained therein vary from those now asserted in the TAC.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

48.     Plaintiffs' claims are barred by California Penal Code §197.

## FORTY-NINTH AFFIRMATIVE DEFENSE

49.     Plaintiffs' claims are barred by the provisions of California Code Civil Procedure §§ 377 et seq., including but not limited to, 377.10, 377.11, 377.30, 377.31, 377.32, 377.33, 377.34, 377.35, 377.60, 377.61, and 377.62.

## FIFTIETH AFFIRMATIVE DEFENSE

50.     At the time of the incident referred to in Plaintiffs' TAC, Plaintiffs

**COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

and/or Decedent and/or third parties were negligent or at fault and failed to use that degree of care and caution which a reasonably prudent person would have used under the same or similar circumstances; that Plaintiffs and/or Decedent's negligence or fault must be compared with the negligence or fault of this Plaintiff and/or Decedent, as well as that of any other persons and parties; and that any award to Plaintiffs must be reduced by the amount that Plaintiff and/or Decedent' negligence and/or third parties and/or other persons fault contributed to Plaintiff and/or Decedent injuries and damages.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

51.    Defendants' actions were in self defense and or defense of others.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

52.    Defendants owed no duty of care to Plaintiffs.  See, Zelig v. County of Los Angeles, 27 Cal.4th 1112, 1131 (2002); see also, Herd v. County of San Bernardino, 311 F.Supp.3d 1157, 1171 (C.D. Cal. 2018); de Villers v. County of San Diego, 156 Cal.App.4th 238, 249-253 (2007).

## FIFTY-THIRD AFFIRMATIVE DEFENSE

53.    Neither the public entity nor any employee within the scope of employment stood in such a special relationship to any person alleged in the complaint so as to give rise to any duty running to any person.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

54.    Plaintiffs' suit is barred by the doctrine of unclean hands.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

55.    Any injury to Plaintiffs and/or Decedent was due to and caused by Plaintiff's and/or Decedent's own negligence and failure to act with reasonable care, which a reasonably prudent person would have used under the same or similar circumstances. Plaintiffs' and/or Decedent's carelessness, negligence, and omissions were the proximate cause of the damage, if any, to Plaintiffs and/or Decedent. Any

**11**
**COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

damages awarded in this action should therefore be in direct proportion to the fault of Defendants, if any, as well as that of any other co-defendant, person, and parties, and any award to Plaintiffs must be reduced by the amount of Plaintiffs' and/or Decedent's negligence or fault as provided by California <u>Civil Code</u> §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5, and 1432.

## FIFTY SIXTH AFFIRMATIVE DEFENSE

56.    The damages allegedly sustained by Plaintiffs, which such damages are generally and specifically denied to exist, were the result of the active and affirmative negligent acts or omissions to act of Plaintiffs, Decedent and/or independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in unforeseeable superseding and intervening causes of Plaintiffs' alleged damages, which thereby relieves these responding Defendants from liability.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

57.    Because Plaintiffs' TAC is couched in conclusory terms, the Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, Defendants expressly reserves the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

WHEREFORE, Defendants pray that Plaintiffs take nothing by way of the Second Amended Complaint and that Defendant herein recovers its attorney's fees, costs and such other and further relief as the Court may deem just and proper.

///

///

///

///

///

**COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

DATED:  May 28, 2026

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Shannon L. Gustafson*

**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
**AYAKO PETERS**
Attorneys for Defendants

COUNTY OF SAN BERNARDINO, DEPUTY LYANNA TANG, DEPUTY ERICA GARCIA, and DEPUTY ADRIAN SANDOVAL

## DEMAND FOR A JURY TRIAL

PLEASE TAKE NOTICE that Defendants hereby demands a trial by jury on all issues pursuant to the Seventh Amendment and Fed. R. Civ. Proc. 38.

DATED:  May 28, 2026

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Shannon L. Gustafson*

**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
**AYAKO PETERS**
Attorneys for Defendants
COUNTY OF SAN BERNARDINO, DEPUTY LYANNA TANG, DEPUTY ERICA GARCIA, and DEPUTY ADRIAN SANDOVAL

**13**
**COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**